**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**IN THE MATTER OF CROSBY DREDGING, LLC,**
**ET AL.**

**CIVIL ACTION**

**NO. 25-1559**
**c/w 25-1560**

**SECTION: "G"(4)**

## ORDER AND REASONS

Before the Court are Alexander Yiannopoulos's ("Yiannopoulos") Motions for Leave to File Briefs of *Amicus Curiae*.[1] In the motions, Yiannopoulos seeks leave to file amicus briefs[2] in these consolidated declaratory judgment and limitation of liability actions filed by Plaintiff/Petitioner Crosby Dredging, LLC ("Crosby Dredging").[3] Yiannopoulos's proposed amicus briefs offer "four observations for the Court's consideration in the course of the continued administration of" the limitation of liability action[4] and develop five grounds allegedly "sufficient for dismissal [of the declaratory judgment action] under *Brillhart/Wilton*."[5]

On July 29, 2025, Crosby Dredging filed a limitation of liability action, Case No. 25-1559, *In the Matter of Crosby Tugs, LLC, et al.*, and a declaratory judgment action Case No. 25-1560, *Crosby Dredging, LLC v. Sarradet*.[6] On March 24, 2026, the Court granted the parties' Joint

---

[1] Rec. Docs. 20, 22.

[2] Rec. Docs. 20-1, 22-1, 22-2.

[3] Rec. Docs. 20, 22.

[4] Rec. Doc. 20-1 at 8.

[5] Rec. Doc. 22-1 at 18 (citing *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 494–95 (1942); *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995)).

[6] Rec. Doc. 1; Case No. 25-1560 (Rec. Doc. 1).

Motion to Consolidate the cases.[7] On March 25, 2026, the Court stayed and administratively closed the cases pursuant to 11 U.S.C. § 362(a), due to a pending bankruptcy proceeding filed by Crosby Dredging.[8]

"The privilege of being heard amicus rests solely within the discretion of the court."[9] The Fifth Circuit has noted that "[w]hether to permit a nonparty to submit a brief, as amicus curiae, is, with immaterial exceptions, a matter of judicial grace."[10] Having reviewed the amicus briefs, the Court finds they would be neither useful nor helpful to the Court in the administration of this matter, especially considering that these consolidated cases are presently stayed and administratively closed. Yiannopoulos has no standing to open this closed case. Therefore, the Court denies the Yiannopoulos's motions for leave to file amicus briefs. Accordingly,

**IT IS HEREBY ORDERED** that Yiannopoulos's Motions for Leave to File Briefs of *Amicus Curiae*[11] are **DENIED**.

**NEW ORLEANS, LOUISIANA,** this ___1st___ day of June, 2026.

_____
**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[7] Case No. 25-1560 (Rec. Docs. 9, 10).

[8] Rec. Doc. 18.

[9] *United States v. Davis*, 180 F. Supp. 2d 797, 800 (E.D. La. 2001) (Berrigan, J.), *writ granted, cause remanded*, 285 F.3d 378 (5th Cir. 2002).

[10] *In re Halo Wireless, Inc.*, 684 F.3d 581, 596 (5th Cir. 2012) (quoting *Nat'l Org. for Women, Inc. v. Scheidler*, 223 F.3d 615, 616 (7th Cir. 2000)).

[11] Rec. Docs. 20, 22.